Richardson, Cb. J.,
filed tbe following opinion:
This application was made in vacation, and so, by rule 3 of • tbe regulations of tbe Supreme Court relating to appeals from tbe Conrt of Claims, it must be disposed of by tbe chief justice.
The case originated by transmission of tbe following letter from tbe Secretary of tbe Interior:
“Department op the Interior,
“ Washington, November 28, 1891.
“ The honorable Chief Justice a/nd judges of the Court of Claims of the United States:
“ Sirs : In pursuance of tbe advice of tbe honorable Attorney-General and with the concurrence of tbe Commissioner of Indian Affairs, I have tbe honor to present herewith for adjudication, as provided by section 12 of tbe Act March 3, 1887 (24 Stat. L., 507), tbe claim of John B. Sanborn to certain fees under bis contract of July 3,1887, with tbe Sisseton and Wah-peton Indians, of ten per cent of tbe amount appropriated for said Indians by section 27 of tbe Indian Appropriation Act March 3,1891 (26 Stat., 989).
“ In the payment made to tbe Indians ten per cent has been retained until it is determined whether Mr. Sanborn or tbe Indians is entitled thereto.
“The consent of tbe claimant to this reference is herewith transmitted, and I have tbe honor to request that the matter may receive early action, as tbe moneys withheld are due, and should be paid to tbe parties entitled thereto.
“ Very respectfully,
“John W. Noble,
“ Secretary.n
John B. Sanborn filed his petition as claimant, for whom appeared Charles King, George A. King, and William B. King, esqs.j Henry M. Foote, esq., of tbe Department of Justice, appeared for tbe United States, and G. M. Goodykoontz, esq., for tbe Indians. Tbe case was brought to trial, argued, and submitted. Tbe court made findings of fact and conclusions of law June 30,1892, and reported tbe same to tbe Secretary of tbe Interior, under tbe following provision of tbe statute:
“Sec. 12. That when any claim or matter may be pending in any of tbe Executive Departments which involves controverted questions of fact or law, tbe bead of such Department, *487 with, the consent of the claimant, may transmit the same, with the vouchers, papers, proofs, and documents pertaining thereto, to said Court of Claims, and the same shall be there proceeded in under such rules as the court may adopt. When the facts and conclusions of law shall have been found, the court shall reports his findings to the Department by which it was transmitted.” (Act of 1887, March 3, ch. 359, 1 Supp. Rev. Stat., 2d ed., p. 561.)
The conclusions of law not being favorable to the plaintiff, Sanborn, he filed an application for appeal under section 9 of the same act, which is as follows:
“ Sec. 9. That the plaintiff or the United States, in any suit brought under the provisions of this act, shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained.”
The question presented is whether or not an appeal lies in this class of cases. The right of appeal therein referred to, as reserved in the statutes of the United States, is set out in the Eevised Statutes as follows:
“Sec. 707. An appeal to the Supreme Court shall be allowed, on behalf of the United States, from all judgments of the Court of Claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court, as provided in section one thousand and eightv-nine [six].”
It must be observed that the act authorizes an appeal only from judgments of the Court of Claims. In this case no judgment was rendered and none could be rendered. The court is required by the act of 1887 to find the facts and conclusions of law, and is not authorized to enter judgment, but must report its findings to the Department by which the claim was transmitted.
There are cases provided for in the act wherein a judgment, or decree, which is one form of judgment, may be rendered by the Court of Claims or by the Circuit and District Courts having concurrent jurisdiction, and it is evidently to such cases that the right of appeal given by section 9 applies.
There is another fatal objection to the allowance of this application. In Gordon’s Case (7 C. Cls. R., 1; 2 Wall., 561, and 117 U. S. R., 697) the Supreme Court held that it could entertain appeals from courts and tribunals only in cases wherein judicial power was exercised, and that Congress could not consti *488 tutionally confer appellate jurisdiction upon that court in other cases. So it was held that no appeal would lie from the Court of Claims at that time, because by the fourteenth section of the act of 1863, March 3, chapter 92 (12 Stat. L., 765), in the opinion of the Supreme Court, a revisory power was conferred upon the Secretary of the Treasury over the judgments of the court, and therefore such judgments lacked the finality, which is one essential attribute of judicial power.
The section was subsequently repealed' by the act of 1860, March 17, chapter 19 (14 Stat. L., 9), and the judgments of the Court of Claims, thusbecoming final, have ever since been recognized by the Supreme Court as made in the exercise of judicial power, and from which appeals may be entertained by that court.
After the repeal of the section held- to confer a revisory power upon the Secretary of the Treasury, the Supreme Court took jurisdiction of an appeal in De Groot's Case (5 Wall. R., 419, and 7 C. Cls. R., 2), which, with the subsequent uniform practice of the Supreme Court, secures to parties a right of appeal in cases under the general jurisdiction of the court, whether commenced by voluntary petition or by transmission from the heads of Departments by authority of Revised Statutes, section 1063 (Rev. Stat., secs. 1059, 1061, 1062, 1063; act of 1887, March 3, ch. 359, secs. 1, 3, 13; 1 Supp. Rev. Stat., 2d ed., pp. 559-562), cases under the direct-tax refunding act flf March 2,1891, chapter 496 (26 Stat. L., 822), cases under the Indian depredation act of March 3, 1891, chapter 538 (1 Supp. Rev. Stat., 2d ed., 913), and cases under numerous special acts of Congress referring particular claims with authority to enter judgment. In all such cases the judgments of this court are so far final that they can not be revised by executive officers of the Government. (O'Grady's Case, 8 C. Cls. R., 451, affirmed on appeal 22 Wall., 641).
The court has extensive jurisdiction of cases in which it does not exercise judicial powers, as under the French spoliation act, wherein it makes conclusions of fact and of law and reports the same to Congress. These conclusions are these u taken to be merely advisory,” and not to u conclude either the claimant or Congress.” (Act January 20, 1885, ch. 25; 1 Supp. Rev. Stat., 2d ed., p. 471).
So under the Bowman act, either House or any committee of Congress may refer any claim or matter pending therein to *489 ibis court for findings of fact, without judgments, and for report back to tlie same body; and the bead of a Department may transmit any claim or matterpending therein to the court for findings of fact, conclusions of law, and opinions, to be reported to such Department for its guidance and action; but the entry of judgment is prohibited (Act March 3, 1883, ch. 102; 1 Supp. Rev. Stat., 2d ed., p. 403); and under the later act of March 3,1887, chapter 359, the head of a Department, with the consent of the claimant, may transmit any claim or matter pending therein to the court for findings of fact and conclusions of law to be reported back to such Department.
Unlike’ the Bowman act, this act of 1887 does not in terms prohibit the entry of judgment; but, as before stated, it does not authorise such entry, and it does not provide that the findings shall be for “the guidance and action” of the Department. The intended difference between the two acts as to the transmission of claims or matters by the heads of Departments seems to be this: Under the act of 1883, heads of Departments of their own motion may transmit claims or matters to this court, and the conclusions of fact and of law and opinions when reported back are designed to be binding upon them. Under the act of 1887 transmissions must be with the consent of the claimants ; the court is to make findings of fact and conclusions of law, but is not required to give opinions, and the report is not in terms for the guidance and action of the Department; so that the head of a Department may or may not act upon and be guided by the findings, as he sees fit.
Under both acts finality, which is an element of judicial power as defined by the Supreme Court in Gordon’s Case, is lacking; in one, because the court is prohibited from entering judgment, and no authority is given to compel the head of a Department to act upon and be guided by its findings and opinions; and in the other, because the head of a Department may revise the findings of the court and may wholly disregard them if he so desires.
I am aware of that large class of cases submitted to the determination of referees, arbitrators, boards, executive officers, and tribunals, whose decisions have as much finality as do the judgments of judicial courts; but those only show that finality of decision is not exclusively an element of judicial power. The Supreme Court has gone no further than to hold that it *490 is one of the elements, and that where it is lacking the decision is not made in the exercise of suck power.
The court has never undertaken to give a complete and exact definition of judicial power. It would be difficult to do so. Concise definitions are imperfect and never exhaustive. It would seem to be the better view that the power and intention of Congress to confer judicial power or not in any case or in a class of cases are to be determined from the manifest object and general scope as well as from the language of acts on the subject, all considered together, rather than from particular words taken independently of the connection in which they are used.
In the class of cases to which the present belongs it is clear that Congress did not intend, even if it had the constitutional authority, to confer upon this court that judicial power referred to in the Gordon Case, which is essential to the right of review by the Supreme Court on appeal.
I am also aware that the Supreme Court held, in an early decision, reported in a note to Ferreira’s Case (13 Howard 52) that a technically judicial court can not constitutionally be authorized to perform extrajudicial services; but I can see no reason why the judges, acting collectively in th¿ name of the court, may not voluntarily perform such-services when designated to do so by act of Congress, as well as judges of the Supreme Court designated by their official position to sit in other extra judicial tribunals. (Act January 29, 1877, ch. 37, sec. 2; 19 Stat. L., 228.)
The application must be denied.
On November 7,1892, the court made the following order:
“On August 4,1892, the claimant filed the following motion :
‘Now comes the plaintiff, John B. Sanborn, and moves the court that the appeal entered by the claimant on the 7th day of July, 1892, be allowed by the court in full bench, notwithstanding the disallowance thereof by the honorable the Chief Justice of said court, and that this motion and application for allowance of said appeal be heard before the court in full bench.’
“This motion having been argued November 2 and 3,1892, by George A. King, esq., for claimant, and Henry M. Foote, esq., for defendants, all the judges being present, the court adheres to the order of the Chief Justice in vacation denying the application for appeal.”